**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CHANGE HAMILTON DOTY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02283-SHL-tmp |
| FINANCIAL FEDERAL BANK, | ) | |
|     Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER
JURISDICTION**

Before the Court is the Report and Recommendation ("R&R") filed by Chief Magistrate Judge Tu M. Pham, on April 7, 2026. (ECF No. 9.) The R&R's factual findings include a summary of the procedural history here, which begin with pro se Plaintiff Change Doty's Complaint filed on March 17, 2026. (Id. at PageID 13–14.)

The R&R construes the Complaint as an action to quiet title based on an alleged defect in the chain of title over an unnamed parcel of land. (Id. at PageID 14.) The Complaint generally alleges that said defects arose in 1517–1518 when land was exchanged between Indigenous American tribes and "the Spanish Crown." (Id. (citing ECF No. 1 at PageID 1).) The R&R further construes the Complaint as alleging that Defendant Financial Federal Bank presently engages in activity that is an encumbrance on the alleged land. (Id.)

Turning to the proposed conclusions of law, the R&R concludes that the Complaint should be dismissed because Doty's claims are frivolous. (Id. at PageID 15.) Even though pro se filings are construed liberally, the R&R concludes, the Complaint here lacks "coherent factual allegations, a cognizable legal theory, or any connection to federal law" such that it does not

plausibly invoke the Court's subject matter jurisdiction. (Id. at PageID 16.) As a result, the R&R proposes dismissal of this action for lack of subject matter jurisdiction. (Id. at PageID 15–16 (citing Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)).)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Parties' deadline to object to the R&R was April 21, 2026, and no objections were filed. The Court has reviewed the R&R in its entirety for clear error and discerns none. In accordance with the above findings and recommendations, Doty's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. In addition, Financial Federal Bank's Motion to Dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 24th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2